and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoices should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 56561.**—Vintage Wines, Inc. *v.* United States, protest 140869–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of Lancers Rose Wine in bottles or jugs similar in all material respects to that the subject of Abstract 53224, the claim of the plaintiff was sustained.

**No. 56562.**—F. W. Myers and Company, Inc. *v.* United States, protest 146903–K (Detroit).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of raw skins similar in all material respects to those the subject of Abstract 41327, the claim for free entry under paragraph 1765 was sustained.

**No. 56563.**—F. C. Mackay *v.* United States, protest 159143–K (Pembina).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of raw skins similar in all material respects to those the subject of Abstract 41327, the claim for free entry under paragraph 1765 was sustained.

**No. 56564.**—F. W. Myers & Co., Inc. *v.* United States, protest 170146–K (Ogdensburg).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of raw skins similar in all material respects to those the subject of Abstract 41327, the claim for free entry under paragraph 1765 was sustained.

**No. 56565.**—Ozark Wholesale Beverage Co. *v.* United States, protest 112107–K (St. Louis).

Opinion by JOHNSON, J. At the trial it was stipulated that duties were assessed upon 2,638.4 proof gallons of rum; that internal revenue taxes were assessed on the basis of 2,630.2 proof gallons, which amount was actually received by the importer from bonded warehouse; and that no further quantities of said rum were withdrawn from or now remain in bonded warehouse. In accordance with stipulation of counsel and for the reasons cited in *Austin, Nichols & Co., Inc.*